UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY D. HONE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-07-0275-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 15, 21). Attorney Maureen J. Rosette represents plaintiff Gary Hone (Plaintiff); Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

On June 15, 2005, Plaintiff protectively filed for disability insurance benefits. (Tr. 100.) He alleged disability due to back injury, hand and arm pain, with an alleged onset date of April 1, 2005. (Tr. 88, 89.) Benefits were denied initially and on reconsideration. (Tr. 34-41.) Plaintiff requested a hearing before

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

an administrative law judge (ALJ). Hearings were held on August 22, 2006, and November 8, 2006, before ALJ Mary Bennett Reed. (Tr. 229-72.) During the course of the hearings, Plaintiff, medical expert Alan Bostwick, Ph.D, and vocational experts Tom Moreland and Fred Cutler testified. Plaintiff was represented by counsel. The ALJ denied benefits and the Appeals Council denied review. (Tr. 3-5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the first hearing, Plaintiff was 29 years old with an eleventh grade education. (Tr. 234.) He testified he was in special education through school, although in his written application, he indicated no special education. (Tr. 91, 235.) He was married, but separated, and had no children. (Tr. 234. He had past work experience as a sod layer, grocery stocker, janitor, kitchen worker, laborer and child monitor. (Tr. 239-40, 289.) He testified he could not work due to back pain, shoulder and neck pain and poor circulation. (Tr. 242-44.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff was insured through September 30, 2008. At step one, ALJ Reed found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 21.) At step two, she found Plaintiff had the severe impairment of mild degenerative disk disease of the lumbar spine, but determined at step three that it did not meet or medically equal one of the listed impairments in

20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (*Id.*) The ALJ found Plaintiff's allegations regarding limitations were not totally credible. (Tr. 24-25.) At step four, she determined Plaintiff had a residual functional capacity (RFC) for a broad range of light work. (Tr. 23.)

The ALJ concluded Plaintiff could not perform his past relevant work, all of which was in the medium to heavy range of exertion. (*Id.*) Proceeding to step five and considering vocational expert testimony, the ALJ found Plaintiff could perform other jobs in the national economy and, therefore, was not under a "disability" as defined by the Social Security Act. (Tr. 26.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when she: (1) found no severe mental impairment at step two; (2) improperly rejected examining and treating doctor opinions; (3) found Plaintiff could perform a wide range of light work. (Ct. Rec. 16.)

**DISCUSSION**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

An impairment or combination of impairments is not "severe" if it does not significantly limit a person's ability to do basic work

activities, such as physical functions, capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions, use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 404.1521.

In evaluating a disability claim, the adjudicator must consider all medical evidence provided.  A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004).  If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with "clear and convincing" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995).  In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication.  *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989).  Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion.  *Flaten*, 44 F.3d at 1463-64; *Fair*

*v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989).  The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).  Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.)

**A.   Step Two: Severe Mental Impairments**

ALJ Reed found Plaintiff's lumbar spine disk disease was a severe impairment at step two, but held that claimed mental impairments were not severe.  (Tr. 21-22.)  Plaintiff contends the ALJ's step two findings should have included the severe mental impairments of insomnia, depression and pain disorder, based on medical evidence from treating physician Daniel Stoop, M.D., and examining psychologist Dennis Pollack, Ph.D.  (Ct. Rec. 16 at 12-13.)  He argues the ALJ did not give legally sufficient reasons for rejecting the opinions of his treating and examining doctors in making her step two determination.

To satisfy step two's requirement of a severe impairment, Plaintiff must provide evidence of a medically determinable impairment which can be shown to be the cause of his alleged symptoms.  20 C.F.R. §§ 404.1529, 416.929.  As discussed above, Plaintiff's own statement of symptoms, without more, will not suffice to establish a severe impairment.  20 C.F.R. §§ 404.1508,

416.908. An impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling* (*SSR*) 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild," and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, the ALJ thoroughly discussed medical evidence from Drs. Stoop and Pollack, and the testimony of medical expert Allen Bostwick, Ph.D. (Tr. 21-22.) She determined the evidence did not support Dr. Pollack's medical source statement conclusions that Plaintiff was "moderately limited" by a diagnosed pain disorder in his "ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances and complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 22, 216.) The ALJ also noted that Dr. Stoop's records did not

include documentation of "any depressive disorder meeting the 12 month durational requirements of the Act." (Tr. 22, n.2.) She found the medical expert's testimony that Plaintiff had only mild restrictions attributable to the pain disorder diagnosis was consistent the record as a whole. (Tr. 22.) Plaintiff contends, however, that the ALJ's reasons for discounting Dr. Pollack's and Dr. Stoop's opinions are legally insufficient.

An independent review of the record and the ALJ's decision indicate Plaintiff's argument is without merit. The ALJ gave specific reasons for rejecting both physicians' limitation findings. In rejecting Dr. Pollack's "moderate limitation" opinions, the ALJ stated objective testing and the examiner's narrative report were inconsistent with limitations marked on his medical source statement checklist. (Tr. 22.) Noting that Dr. Pollack's report and testing results supported his GAF[1] score of 65 (mild limitations), she found his check box assessment of moderate limitations did not meet the 12-month durational requirement and were not supported by the entire medical record. (Tr. 22, 214.)

---

[1] The Global Assessment of Functioning (GAF) scale is a common tool for tracking and evaluating the overall psychological functioning of a patient. A score of 61-70 indicates "some mild symptoms, (*e.g.*, depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

The ALJ also determined that Dr. Pollack's narrative report and objective testing did not support a finding of cognitive deficits, a conclusion that is supported by the record and consistent with medical expert Allen Bostwick's testimony. (Tr. 22, 212-23, 279-80.) The ALJ further found the record did not include evidence of mental health treatment, counseling, or hospitalization for mental health concerns. This is a legitimate reason for discounting the opined severity of a diagnosed mental impairment. *Flaten*, 44 F.3d at 1463-64. She then noted Plaintiff's application for benefits did not allege mental impairments as a basis for disability, a significant fact of record that is inconsistent with his claim of a severe mental impairment now. (Tr. 22.) The ALJ gave specific, legitimate reasons for rejecting Dr. Pollack's conclusory opinions found in the medical source statement. *See Holohan v. Massanari,* 246 F.3d 1195, 1207 (9th Cir 2001).

After discussing the medical evidence in its entirety, the ALJ found Dr. Bostwick's testimony that Plaintiff's diagnosed pain disorder caused only mild restrictions on Plaintiff's work related activities was supported by the record in its entirety. Because Dr. Bostwick's testimony is supported by treatment notes and Dr. Pollack's narrative report and objective testing, it is considered substantial evidence on which ALJ Reed properly relied. *Andrews,* 53 F.3d at 1039-40. The ALJ did not err at step two when she found Dr. Pollack's report did not establish a severe mental impairment.

Plaintiff appears to argue he has severe mental impairments due to insomnia and depression, as diagnosed by treating physician, Dr. Stoop. (Ct. Rec. 16 at 12.) "Although a treating physician's

opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) (*quoting Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ properly rejected Plaintiff's allegations of disabling sleep problems, finding that his sleep patterns were the same while he was working, and there is no evidence that they have worsened. These findings are supported by Dr. Stoop's records. (Tr. 25, 143, 200.) The first complaint regarding sleep patterns was in March 2006, when Plaintiff reported problems sleeping "for several years." (Tr. 200.) The ALJ properly found that the record neither included objective medical evidence of a "medically determinable impairment," or a statement by Dr. Stoop of limitations caused by insomnia, nor did Plaintiff allege insomnia as a disabling impairment in his application. (Tr. 22, 88, 89.)

Regarding claims of depression, as noted by the ALJ, Plaintiff reported "depressive symptoms" in June 2006, but was observed to have normal energy level, "no change in appetite" and "no malaise," as well as "appropriate mood and affect." He was prescribed Wellbutrin, and reported improved mood by July 2006. (Tr. 22 n. 2, 203, 206.) However, the medical evidence shows that Dr. Pollack, a psychologist, did not diagnose depression in his June 2006 examination, and Plaintiff did not present other objective medical evidence to support a finding of depression as a severe impairment. There being no objective medical evidence of insomnia or depression in the record to establish a "medically determinable impairment,"

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

Plaintiff's argument that the ALJ's step two finding of "no severe mental impairment" due to insomnia or depression is legal error is without merit. *Ukolov*, 420 F.3d at 1005. The ALJ's step two findings are supported by substantial evidence, as well as the credibility determination, which has not been challenged. *Morgan*, 169 F.3d at 599.

**B.   Residual Functional Capacity**

At step four, ALJ Reed found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a broad range of light work, which involves occasional lifting less than 20 pounds, frequent lifting or carrying of 10 pounds, sitting for 6 hours out of an 8 hour day; standing/walking for 6 hours in an 8 hour workday; no more than occasional kneeling, crouching, climbing of ladders, ropes and scaffolds, stooping and crouching; having no other work related limitations.

(Tr. 23.) Plaintiff claims the ALJ improperly rejected the opinions of treating physician Dr. Stoop in her RFC determination. (Ct. Rec. 16 at 16-18.)

The opinion of a treating physician is controlling only if "supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *SSR* 96-8p. As discussed above, the ALJ may reject a treating physician's contradicted opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten*, 44 F.3d at 1463. In addition to medical records, a claimant's credibility is properly considered by the ALJ in evaluating medical evidence, specifically when "an ALJ is presented with conflicting medical opinions or inconsistency between

a claimant's subjective complaints and his diagnosed conditions." (*Id.*)  *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Where the ALJ's resolution of conflicting medical evidence is reasonably supported by substantial evidence, the reviewing court cannot second guess the ALJ's determination.  *Andrews,* 53 F.3d at 1041 (*citing Magallanes,* 881 F.2nd 747, 753 (9th Cir. 1989)).

Here, the ALJ rejected Dr. Stoop's statements in physical evaluation forms, dated June 2005 and June 2006, that Plaintiff was "severely limited" in his ability to perform work.[2]  (Tr. 143-46, 196-99.)  Dr. Stoop's statements are contradicted by examining physician Robert Rose, M.D., who thoroughly examined Plaintiff in April 2006 and found Plaintiff had no work related limitations.  (Tr. 183-91.)  The examination included range of motion testing, a review of records including imaging reports, and a review of systems. (*Id.*)  The ALJ gave specific reasons for assigning little weight to Dr. Stoop's form opinions, including a lack of support by x-ray and MRI imaging reports for the degree of severity; reliance on Plaintiff's subjective complaints which were found not entirely credible (a finding that is not challenged by Plaintiff); inconsistency with Dr. Stoop's and the physician assistant's treatment notes and the alleged severity level (no reports or ongoing complaints of numbness in the legs); and inconsistency with the physical examination report by Dr. Rose and agency physicians' reports.  (Tr. 24-25.)  These are all legally sufficient reasons for

---

[2] As defined in the evaluation form, "severely limited means unable to lift at least 2 pounds or unable to stand and/or walk."  (Tr. 145.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

discounting Dr. Stoop's conclusory opinions. *See also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (opinions rendered on check-box or form reports which do not contain significant explanation of the bases for conclusion may appropriately be accorded little or no weight). These findings constitute "specific and legitimate" reasons for disregarding Dr. Stoop's conclusory, inadequately supported opinion that Plaintiff was "severely limited." *Lingenfelter*, 504 F.3d at 1045.

An independent review of the record indicates there are no observations by either Dr. Stoop or the physician's assistant that Plaintiff was unable to lift, walk or stand. The majority of Dr. Stoop's treatment notes report Plaintiff had normal activity and energy level, and appeared healthy, in no distress. (*See, e.g.,* Tr. 150-53, 174-81.) After a thorough physical examination, Dr. Rose found no abnormalities to support a finding of disability. (Tr. 183-85.) Agency reviewing physicians also found Plaintiff's records indicated he was capable of performing light work with several postural limitations. The reviewing physician noted also that Dr. Stoop's evaluation form opinion was not supported by the examining physician or imaging results. (Tr. 165-172.)

It is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is also the sole responsibility of the Commissioner. 20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of

fact reserved to the Commissioner). Considering Plaintiff's credibility, his testimony regarding activities of daily living, and the fact that the medical expert's opinions were based on the entire record, the evidence reasonably supports the ALJ's evaluation and rejection of Dr. Stoop's opinion that Plaintiff was severely limited in his ability to work. The ALJ's RFC determination of "light level" work is consistent with and supported by the record in its entirety. The ALJ did not err in her RFC determination.

## CONCLUSION

The ALJ thoroughly detailed the medical evidence in the record and properly evaluated the medical opinions in considering Plaintiff's medically determinable impairment. Her determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15 )** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED July 22, 2008.


          S/ CYNTHIA IMBROGNO
    UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15